| | |
|---|---|
| KERRY ADAM SHINE, JR.,[1] )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE MECKLENBURG POLICE )<br>DEPARTMENT, et al., )<br>)<br>      Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5). A letter addressing the filing fee is also before the Court for consideration. (Doc. No. 9).

### I. BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 that Plaintiff filed while incarcerated at the Dan River Prison Work Farm. He names as Defendants the Charlotte Mecklenburg Police Department ("CMPD"), and CMPD Officers Joshua O. Baswell, Christopher Greene, Christopher P. Miranda, and Luke E. Amos. Liberally construing the Complaint and accepting the allegations as true, the Defendant officers arrested Plaintiff in violation of the Fourth Amendment, failed to conduct an adequate investigation, perjured themselves in justifying his arrest and initiating his prosecution, and exceeded the scope of a search warrant. He seeks $25 million for pain and suffering including the loss of his liberty, the expungement of his charges, the review of his motion for discovery which will reveal flaws that the State of North Carolina has

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Kerry A Shine. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view.

overlooked, costs and fees, and "whatever else you all see fit." (Doc. No. 1 at 4).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal

civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

**(A) Individuals Not Named As Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Plaintiff is granted leave to file an amended complaint within 14 days of this Order by properly naming any such individuals in the caption of the Amended Complaint.[2]

---

[2] The Court expresses no opinion about the timeliness, procedural viability, or merit of any such claim.

**(B)    CMPD**

In order to successfully allege a violation of 42 U.S.C. § 1983, a plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir.1981) (citing Fed.R.Civ.P. 17(b)). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. See Martin v. Mecklenburg Cnty. Park & Recreation Dep't, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone). "In North Carolina, there is no statute authorizing suit against a police department." Coleman v. Cooper, 89 N.C.App. 188, 366 S.E.2d 2, 5 (N.C. 1988), *overruled in part on other grounds by* Meyer v. Walls, 347 N.C. 97, 489 S.E.2d 880 (1997). A municipal police department is a component part of a city and lacks the capacity to be sued. Id.

Plaintiff's claims against the MCPD must be dismissed because that entity lacks the legal capacity to be sued. See, e.g., Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); Wilson v. Fayetteville Police Dep't, 2014 WL 555663 (E.D.N.C. Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued.").

Therefore, the claims against MCPD are dismissed.

**(2)** **Fourth Amendment**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief short of serving the maximum term of confinement. Id. To address this situation, the Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," Heck, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody, Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

**(A)** <u>**False Arrest**</u>

To proceed on a claim that "seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest," "Plaintiff must prove that [defendant] deliberately or with a reckless disregard for the truth made material false statements in his affidavit... or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." <u>Miller v. Prince George's Cnty.</u>, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotations omitted). Allegations of negligence or mistake do not provide a sufficient basis for constitutional violations. <u>Miller</u>, 475 F.3d at 627–28; <u>McPhearson v. Anderson</u>, 873 F.Supp.2d 753, 757 (E.D. Va. 2012).

Plaintiff appears to allege that the named officers arrested him without a warrant and based on insufficient evidence, and that Officer Greene lied under oath on the arrest affidavit by claiming that a witness saw a suspect run into the home where Plaintiff was arrested. Plaintiff sufficiently alleges a Fourth Amendment violation against the named officers. It is unclear from the Complaint whether Plaintiff was ever prosecuted on the charges for which he was arrested, whether a conviction ensued, or whether such a conviction was set aside. The Court is thus unable to conclude at this juncture that Plaintiff's success on this claim would necessarily invalidate a conviction and sentence. Therefore, this claim will be permitted to proceed. <u>See</u>, <u>e.g.</u>, <u>Alipui v. Byerson</u>, 638 Fed. Appx. 214, 216 (4th Cir. 2016) (reversing dismissal where success on plaintiff's claim that defendant lacked probable cause to arrest him for credit card theft would not necessarily imply that his later federal convictions for bank fraud and aggravated identity theft, for which he was separately arrested, were invalid).

**(B)** <u>**Illegal Search**</u>

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause,

6

supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Searches conducted pursuant to a validly issued warrant carry a presumption of legality which can be overcome "if the scope of the search exceeds that permitted by the terms of the validly issued warrant … the subsequent seizure is unconstitutional." Wilson v. Layne, 526 U.S. 603, 611 (1999). Absent a recognized exception to the warrant requirement, a search may not encompass items not specified within the warrant. Buonocore v. Harris, 65 F.3d 347 (4th Cir. 1995) (citing Bivens v. Six Unknown Named Agents, 403 U.S. 388, 394 n.7 (2001) ("the Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant…."). Those conducting the search may only actively search for the items listed in the warrant. Buonocore, 65 F.3d at 356.

Plaintiff appears to allege that Officer Greene said that a cursory search was conducted for a potential victim and suspects but instead he turned the house to a crime scene and "tore it up," then officers exceeded the scope of the warrant dated February 5, which only addressed the home's attic. (Doc. No. 1 at 4).

The allegations are minimally sufficient to state a Fourth Amendment illegal search claim and the Court cannot conclude at this juncture that it is Heck barred. See, e.g., Alipui, 638 Fed. Appx. at 216 (permitting an illegal seizure claim to proceed because it was not clear that the evidence seized during plaintiff's arrest on state charges was used to secure his federal convictions such that success on his search and seizure claims would not necessarily imply that his federal convictions were invalid, and additionally, he did not plead facts in his § 1983 complaint that were inconsistent with his guilty pleas to the federal charges). Therefore, it will be permitted to proceed.

**IV. *PRO SE* LETTER**

Plaintiff wrote a *pro se* letter that was docketed on October 30, 2017, noting that he is no

7

longer in custody and stating that he is unemployed and cannot afford to pay the filing fee. (Doc. No. 9). Because he is no longer incarcerated, Plaintiff may file a non-prisoner application to proceed *in forma pauperis* to explain why he should be permitted to proceed without paying the fee. See <u>DeBlasio v. Gilmore</u>, 315 F.3d 396 (4th Cir. 2003) (a prisoner who is proceeding *in forma pauperis* pursuant to the Prison Litigation Reform Act and is subsequently released may apply to proceed under the general *in forma pauperis* statute).

### IV. CONCLUSION

For the reasons stated herein, the Complaint is dismissed as to CMPD but is sufficient to proceed against Defendants Baswell, Greene, Miranda, and Amos.

**IT IS THEREFORE ORDERED** that:

1. The Complaint, (Doc. No. 1), survives initial review on Plaintiff's Fourth Amendment claims against Defendants Baswell, Greene, Miranda, and Amos.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk shall forward to the Plaintiff a copy of the non-prisoner application to proceed *in forma pauperis*.

4. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants **Baswell, Greene, Miranda,** and **Amos**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: June 11, 2018

Frank D. Whitney
Chief United States District Judge